UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL GEIGER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Docket No. 07-78-B-W |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge erred in finding that the plaintiff could return to his past relevant work as a lumber scaler. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential review process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from reactive airway disease/asthma, polycythemia vera, and obesity, impairments that were severe but which, considered alone or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 19, 2008, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

3-4, Record at 20; that the plaintiff's allegations concerning his limitations were not well supported by the medical evidence and were not considered credible to the extent of precluding performance of sedentary work, Finding 5, *id.*; that he retained the physical and mental residual functional capacity to perform semiskilled sedentary work, Finding 6, *id.*; that he retained the residual functional capacity to perform his former sedentary work as a lumber mill scaler, Finding 7, *id.*; and that accordingly he had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 8, *id.* at 21.  The Appeals Council declined to review the decision, *id.* at 8-10, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review on this appeal is whether the commissioner's determination is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge in this case reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of demonstrating inability to return to past relevant work.  20 C.F.R. § 404.1520(e); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step the commissioner must make findings of the plaintiff's residual functional capacity ("RFC") and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20 C.F.R. § 404.1520(e); Social Security Ruling

82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

## Discussion

The plaintiff contends that the administrative law judge's conclusion is not supported by substantial evidence because, having found that the plaintiff's past work as a lumber scaler was sedentary work as he performed it, rather than light work as it is classified by the *Dictionary of Occupational Titles*, the administrative law judge was required to adopt the plaintiff's entire description of his duties in that position, which included testimony that he was bothered in that job by exposure to cold air, fumes, and dust.  Statement of Specific Errors ("Itemized Statement") (Docket No. 14) at 6-9.  He argues that the administrative law judge's conclusion that "[t]here is no indication that he was exposed to excessive dust, fumes or cold air at that location" is unsupported by the evidence, citing his own testimony that he "wouldn't be able to go in and out of the heat and cold" to support his conclusion that "the lumber scaler job necessarily exposed him to extremes of dust, fumes and especially cold." *Id*. at 8-9.  This issue is determinative, the plaintiff suggests, because a residual functional capacity assessment in the record (Exhibit 6F) states that he must avoid concentrated exposure to extreme cold, fumes, odors, dusts, gases, and poor ventilation. *Id*. at 8.

There are two problems with the plaintiff's argument.  First, the administrative law judge does not rely on the residual functional capacity assessment cited by the plaintiff.  In fact, he specifically rejected the conclusion of the state agency physician who created Exhibit 6F and arrived at the assessment that the plaintiff was capable of work at the light exertional level. Record at 19-20.  While the administrative law judge does observe that "[t]here is no indication that [the plaintiff] was exposed to excessive dust, fumes or cold air at [the] location where he

worked as a lumber scaler," *id*. at 20, he did not include excessive exposure to dust, fumes, or cold air as limitations on the physical residual functional capacity that he assigned to the plaintiff. Accordingly, there is no conclusion in this regard for which the court must determine whether there is sufficient evidentiary support in the administrative record.

The second problem for the plaintiff is that, even if sufficiency of the evidence of excessive exposure to fumes, dust, or cold air was a question properly before this court, he cites no evidence whatsoever of any exposure to dust inherent in his work as a lumber mill scaler. Contrary to his argument, Itemized Statement at 9, it is not apparent from the cited testimony or the description of the job in the *Dictionary of Occupational Titles*, and it is certainly not inevitable, that a person performing this work would be exposed to excessive amounts of dust, or even to any dust at all. With respect to the two other limitations, it is important to remember that the administrative law judge speaks of *excessive* exposure to fumes and cold. The only evidence concerning the *possible* presence of excessive exposure to fumes in his past work cited by the plaintiff, Itemized Statement at 8, is the statement in a vocational analysis performed by a state agency, and again not cited by the administrative law judge, titled "Past Relevant Work" as follows: "Scaler – exposure to fumes (Sedentary Work)," Record at 93. Nothing cited by the plaintiff may reasonably be read to establish that the job involved "excessive" exposure to fumes, the qualitative term used by the administrative law judge, or the "concentrated" exposure which Exhibit 6F states that the plaintiff must avoid.

The question is a bit closer with respect to "concentrated exposure" to "extreme" cold, which Exhibit 6F says that the plaintiff must avoid, or "excessive" cold air, in the language used by the administrative law judge. However, I conclude that the plaintiff's testimony[2] that he

---

[2] It bears repeating here that the administrative law judge found that the plaintiff's testimony was not credible "to the extent of precluding performance of sedentary work." Record at 20.

4

"wouldn't be able to go in and out of the heat and cold" and that it would be difficult for him to go "[i]n and out of the heat and cold . . . [f]or the . . . temperature changes," *id*. at 369, cannot be read to establish that the plaintiff's exposure to cold air as he performed that job was "concentrated," that the cold was "extreme," or that the cold was "excessive." The testimony is focused on the contrast between heat and cold, not the degree of cold or the possibility of prolonged exposure to extreme cold. The plaintiff's argument rests on unsupported assumptions about how the existing evidence might be interpreted and, contrary to his argument, there is nothing "necessary" about the conclusions he draws from that evidence, although his advocacy for such an interpretation is understandable. *See, e.g., Underwood v. Commissioner of Soc. Sec*, 202 F.3d 270 (Table), 2000 WL 32024 (6th Cir. Jan. 5, 2000), at *6 ("An individual who is sensitive only to excessive or extreme levels of pollutants would have a high tolerance.").

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2008.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

5